No. 9710.

## LEARY ET AL. *v.* NEW ET AL.

REAL ESTATE, ACTION TO RECOVER.—*Title by Sheriff's Sale.*—In an action to recover real estate by a purchaser thereof at a sheriff's sale, against the execution defendant, the plaintiff must show, to support his title, a judgment, execution, sale and deed.

SAME.—*Mortgagor.*—A mortgagor in possession can not, after a decree of foreclosure against him, set up a title in a third person or himself to defeat the title of the purchaser of the land under the decree.

BILL OF EXCEPTIONS.—*Judgment.—Evidence.—Presumption.*—Where a bill

of exceptions shows an offer of the record of a judgment as evidence, and that an objection thereto was overruled, and immediately thereafter in the bill there appears a transcript of such a judgment, it will be presumed, in the absence of anything to the contrary, that the record of the judgment was read in evidence.

From the Hancock Circuit Court.

*M. Marsh, T. S. Rollins* and *G. W. Stubbs,* for appellants. *J. A. New* and *J. W. Jones,* for appellees.

ELLIOTT, J.—This action was instituted by the appellees to recover possession of real estate and to enjoin the appellants from removing crops and from cutting timber. The question presented is whether the finding is sustained by sufficient evidence, for, as we understand counsel, all other questions are waived. In support of their case appellees offered a deed executed to them by the sheriff, and also one executed by Mitchell, the assignee in bankruptcy of Thomas J. Leary. The former was admitted, but the latter was excluded on motion of appellants' counsel. It was not necessary for the appellees to support their claim of title by two deeds. If one gave them title no more was needed.

In order to support title under a sheriff's sale, the plaintiff must show a judgment, execution, sale and deed. *Shipley* v. *Shook,* 72 Ind. 511. This was done in this instance.

Where the bill of exceptions shows an offer of the record of a designated judgment, and that an unsuccessful objection was interposed, and immediately thereafter there appears in the bill a transcript of such a judgment, it will be presumed, in the absence of any contrary showing, that the record of the judgment was read in evidence. The objection, that as the bill of exceptions does not state in express terms that the record of the judgment was read in evidence it can not be considered as having gone to the jury, is entirely too technical to be allowed to prevail.

We do not regard the complaint as averring that appellees' title was founded on the deed of the assignee in bankruptcy, but as alleging that it is one of the evidences of title, and that

the deed on the foreclosure sale is another evidence of title. A man may have different evidences of title and plead them all, if he chooses to do an unnecessary thing, but he need only prove one good and paramount title.

A mortgagor in possession can not, after a decree of foreclosure barring all his rights and equities has been entered, set up title in a third person, or in himself, to defeat the title of the purchaser at the sheriff's sale made on the decree of foreclosure. *Turner* v. *First National Bank*, 78 Ind. 19.

Judgment affirmed.