FLEMING J. HEFLING

*v.*

GILBERT VAN ZANDT.

*Filed at Ottawa June 13, 1896.*

1. CONTINUANCE—*affidavit for, must state facts and show diligence.* An affidavit for a continuance on the ground of a party's absence, which fails to state any fact expected to be proved by such party or any other absent witness, and which does not show diligence in preparing for trial, is fatally defective.

2. SHORT CAUSE CALENDAR—*when a cause is "at issue."* A cause in which the general issue is pleaded, though no *similiter* be added, will not be stricken from the short cause calendar, on motion, as not being "at issue."

3. APPEALS AND ERRORS—*when instructing jury orally is not cause for reversal.* Instructing the jury orally to find for plaintiff, though erroneous, will not reverse where no defense was made, and the attorney of defendant, though announcing that he took no part in the trial, still did not withdraw his name as attorney, and, though present, took no exception to such oral instruction.

4. EVIDENCE—*when documents will be treated as having been read to jury.* A document offered in evidence, which was before the court, will be treated as having been formally read to the jury, where the objection that it was not so read is first made on appeal.

5. MOTION—*when counter affidavits may be heard upon.* On a motion to set aside a default and vacate a judgment counter affidavits may be filed, but not on a motion for a new trial.

6. COSTS—*effect upon, of remittitur in Appellate Court.* An appellee who confesses the judgment obtained by him below was too large by $50, which sum he remits in the Appellate Court, should be taxed with the costs of the appeal.

*Hefling* v. *Van Zandt*, 60 Ill. App. 662, in part reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

· This was an action of assumpsit, brought by Gilbert Van Zandt, the appellee, against Fleming J. Hefling, the appellant, on a lease. The summons was returnable on the third Monday of January, 1895, in the circuit court of Cook county, and was served upon appellant December 13, 1894. On February 8, 1895,—the last day for filing declarations for the February term,—appellee filed his declaration, with the affidavit of his agent, in which his claim was stated to be $2166.66, "for use and occupancy of premises belonging to the plaintiff," and ·"the further sum of $505 for damages done to the property of plaintiff, contrary to the express agreement of defendant," making a total sum demanded, "over and above all credits, deductions, and set-offs," of $2621.66. Appellant entered his appearance February 14, 1895, and filed a plea of non-assumpsit, with his affidavit attached, in which he stated that he had a meritorious defense, "upon the merits, to the whole of plaintiff's demand." The plea was signed by Hardy, Essick & Clark, attorneys for defendant.

On the 21st day of February, 1895, upon proper notice and affidavit, the cause was placed on the short cause calendar. On March 4, 1895, the case was called for trial, but upon request of counsel for appellant it was continued, on the ground that appellant's counsel was engaged before a master in chancery of the United States

Circuit Court. On that day Hardy, attorney for appellant, stated to the court that he did not know said cause was on the short cause trial calendar until the morning of March 4, 1895; that he was engaged in the matter of an application for an injunction on hearing before Sherman, master in chancery of the United States Circuit Court, throughout the day, and could not try the cause; that he had just learned, since coming into the court room, his client was in the State of California. The case was continued to March 18, 1895. On March 18, the defendant not having returned, the attorney for plaintiff consented to a continuance for one week, until March 25.

On March 25 Essick appeared in court for Hardy, and made an application for a further continuance. In support of the application he produced an affidavit of Hardy, which in substance set up that since the commencement of the suit the firm of Hardy, Essick & Clark had dissolved, and the engagement of Hardy before Sherman, master in chancery of the United States court. The affidavit also in substance stated that affiant's client, defendant, had left Chicago February 16, 1895, expecting to be gone about four weeks, and that the notice for placing this case upon the short cause calendar had been given after Hefling had left Chicago on said trip, and that defendant had not yet returned, and other facts tending to show diligence on affiant's part to get notice to Hefling of the pendency of this case for trial; that affiant was informed, in a general way, that this suit involved complicated matters, contracts and accounts, including the building of a hotel of the value of from $50,000 to $60,000, and various changes, alterations, improvements and breaches of contract connected therewith, concerning which affiant was not informed and which no one knew except the defendant, and that since this suit was brought affiant had had no opportunity to hear the particulars necessary to properly try the case, and that he could not properly try it without the pres-

ence of defendant, who is a material witness himself and knows the names and addresses of other witnesses unknown to affiant; that affiant believed that said Hefling was now on his way home and was expected daily to arrive in the city; that affiant had communicated with the family of said Hefling, etc., and that this application was not made for delay, but for a proper trial, etc.

The court overruled the application for a continuance. A jury was selected and the evidence introduced, and the court directed the jury, orally, to return a verdict for $2166.66,—the amount shown to be due,—which was done, and the court rendered judgment on the verdict. Afterwards, on the 5th day of April, 1895, defendant entered a motion to vacate the judgment and set aside the verdict. This motion the court also overruled. Defendant appealed to the Appellate Court, where the judgment was affirmed.

JAMES R. WARD, for appellant.

SMITH, HELMER, MOULTON & PRICE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is claimed that the court erred in refusing to continue the cause on March 25, on application of the attorney of the defendant. The affidavit for a continuance was fatally defective in failing to state any facts which the affiant expected to prove by the defendant or any other absent witness. Nor did it show any diligence in preparing for trial, and the court could not do otherwise, under the law, than overrule the application.

It is next complained that the court erred in refusing to strike the cause from the short cause calendar, for the alleged reason the cause was not at issue when placed on that docket. This objection is predicated on the fact that the *similiter* was not added to the general issue. That was a matter more of form than substance, and when a trial proceeds, where there is a plea of the general issue, without the *similiter*, no advantage can be taken. (*Hazen*

v. *Pierson*, 83 Ill. 241.) Where a cause has been tried in the absence of a *similiter* to a plea of the general issue, the cause will be treated in the same way as if a *similiter* had been added. So, also, here, when the cause was placed on the trial calendar, it will be treated as if the *similiter* had been added and the issue formally made.

It is next claimed that the court erred in orally directing the jury to find the issues for the plaintiff, and to assess plaintiff's damages at a certain amount. Under our statute the circuit court has no authority to instruct the jury orally on any material issue in the case. Here no defense was made before the jury, and there was no question in regard to the amount the plaintiff was entitled to recover under the evidence, and the instruction to the jury was harmless; but at the same time it was erroneous, and had an exception been preserved to the decision of the court in instructing the jury, we would be inclined to hold that the judgment should be reversed. Essick, one of the attorneys who appeared for the defendant, was present in court at the time the instruction was given and made no objection to it, nor did he except to the ruling of the court in giving the instruction. It is true, he stated to the court when the application for a continuance was denied, "I want it understood that the defendant is not represented here,—I take no part in this trial." But he remained in court, and never, at any time, withdrew his name as an attorney for the defendant. Under such circumstances, if counsel for the defendant desired to call in question the ruling of the court, it was the duty of counsel who was present to except to the ruling, and a failure to do so was a waiver of the error now relied upon.

It is also said the lease upon which the action was brought was not read to the jury. The lease was offered in evidence and it was before the court, and, whether it was formally read or not, it will be treated as having been read to the jury.

It is also claimed that the court erred in hearing counter affidavits on the motion of defendant for a new trial. On a motion for a new trial it has never been the practice to allow counter affidavits to be read. But this was more than a mere motion for a new trial. It was a motion to vacate the judgment and set aside a default, and on a motion of that character the right to file counter affidavits was recognized in *Palmer* v. *Harris*, 98 Ill. 507, and in other cases.

In the Appellate Court the appellee remitted from the judgment $50, but the Appellate Court, notwithstanding the *remittitur*, required appellant to pay the costs in that court. We do not think that was correct. Upon a confession of appellee that the judgment was too large the court should have required appellee to pay the costs.

The judgment of the Appellate Court will be affirmed except as to costs, and the costs of the Appellate Court will be taxed to appellee.

*Judgment affirmed in part and reversed in part.*