## McALLISTER v. CITY OF FROST.
### No. 1393.

Court of Civil Appeals of Texas. Waco.
June 8, 1933.

Rehearing Denied July 13, 1933.

James P. Miller, of Dallas, and J. S. Callicutt, of Corsicana, for plaintiff in error.

Richard & A. P. Mays, of Corsicana, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted by plaintiff in error, Harvey B. McAllister, hereinafter called plaintiff, against defendant in error, city of Frost, a municipal corporation, hereinafter called defendant, to recover a balance of $1,073.85 which plaintiff alleged was owed him by defendant for professional services rendered by him as engineer in the construction of a system of waterworks for it. Plaintiff alleged that on June 11, 1925, he was employed by defendant to make a valuation of the physical properties of the Frost Artesian Well Company, a private corporation, and to draw plans and specifications for a modern fire-fighting waterworks for the defendant; that he performed the services contemplated, and for the performance of the same defendant

became indebted to him in the sum of $1,000. He further alleged that on or about October 6, 1925, he and defendant entered into a contract for the installation of a system of waterworks for said city; that such system was to consist of extensions and additions to the existing system of said Frost Artesian Well Company, and that he fully performed the duties imposed upon him by such employment; that by the terms of said contract defendant agreed to pay him, as compensation for his services, 5 per cent. of the total cost of the waterworks to defendant; that such cost was the sum of $78,436.30; that defendant had paid to him all the compensation so promised except the sum of $1,073.85, for which sum, with legal interest thereon from July 25, 1927, he prayed for judgment. He attached as an exhibit to his petition a copy of the contract declared upon, signed by himself but not by defendant. The defendant denied under oath the execution of said contract. A recital of other pleadings of the respective parties is not deemed necessary to a proper consideration of the issues raised in this court.

The case was tried to a jury. The testimony showed without contradiction that plaintiff was employed by defendant to value the physical properties of the private corporation then owning and operating a waterworks system in said city, and that he was thereafter employed to prepare plans for the remodeling of the same and to superintend the execution of said plans. Defendant purchased the water system of the corporation aforesaid for the sum of $20,000, and thereafter proceeded to remodel, enlarge, and extend the same according to the plans prepared and furnished by plaintiff. He rendered the services contemplated by the terms of his employment and defendant makes no complaint thereof. The testimony with reference to the compensation to be paid plaintiff for his services in valuing the old system of waterworks was conflicting. Plaintiff testified that the agreement was that he should receive 5 per cent. of the price paid by defendant for such system. Defendant's witnesses testified that the agreement for compensation for his services in that capacity was that in event the city purchased said system and remodeled the same and he was employed to supervise such remodeling, he was not to be paid anything for the services in valuing the old plant, but that if the city did not purchase and remodel the same, he should be paid at the rate of $8 a day while so engaged. Apparently the original contract for the valuation of the old plant was merged into the contract of October 6, 1925, a copy of which plaintiff attached to his petition and upon which he specifically sued. The testimony with reference to this contract is also conflicting.

Plaintiff testified that he prepared two or more copies of said contract and presented them to defendant's city council in session; that the exhibit to his petition was a true copy of the contract as originally prepared by him, and that the same provided that his compensation should be 5 per cent. of the entire cost to defendant of the remodeled or improved system of waterworks; that the members of the council discussed the same and made certain changes therein, among which was a provision that his total compensation for services rendered to defendant should be 5 per cent. of the cost of improving the old system; that he refused to agree to such change; and that after discussion, a majority of the city council voted for the contract as prepared by him. Plaintiff testified that he had a member of the council sign a copy of the contract so adopted, for identification, and retained the same, but that such copy, with other effects, was afterwards stolen from his car and that he had never recovered the same. He, however, testified that he had had a true and accurate copy thereof made, and that the exhibit to his petition was a correct copy thereof.

The building in which the city council of Frost held its meetings and in which its records were kept was demolished by a storm and all its records were destroyed or blown away. The defendant introduced testimony tending to show that the city council, at the meeting on October 6, 1925, merely voted to employ plaintiff as engineer for the installation of its waterworks system. There was also testimony from defendant's witnesses that a written contract for the employment of plaintiff was adopted by a majority of the city council at that meeting, and that the contract so adopted was the one in which the compensation to be paid plaintiff had been changed to 5 per cent. of the cost of the improvements only. One witness identified a copy of the contract produced at the trial and introduced in evidence, as the copy so changed. Both the copy of the contract produced by plaintiff and the copy identified by said witness for the defendant were introduced in evidence and the difference between the same will be hereinafter discussed. The court submitted three special issues, but made answers to the last two dependent upon an affirmative answer to the first. The first and second of said issues, with the answer of the jury to the first, were as follows:

"(1) Do you find from a preponderance of the evidence that the plaintiff, H. B. McAllister, and the City of Frost agreed in writing that said City would pay to the plaintiff McAllister the sum of five per cent of the total cost of the new improvements as well as the cost paid for the old city waterworks system by said City?" Answer: "No."

"(2) If you have answered the above question 'Yes,' then do you find from a preponderance of the evidence that the City Council of

the City of Frost approved and passed said contract, if any, in writing so agreed upon by a majority vote of said Council?"

The jury having answered the first issue in the negative, did not answer the second. The court received the verdict and rendered judgment thereon that plaintiff take nothing by his suit. He has sued out a writ of error to this court for the review of such judgment.

## Opinion.

Plaintiff presents a number of assignments in which he complains of the manner in which the case was submitted to the jury. He objected to the submission of special issue No. 1 on the ground that the necessary elements of an agreement were not defined therein, and on the further ground, in substance, that such issue required the jury to find that the agreement in writing inquired about therein contained other, further, and different language than the contract which he presented and testified was the one adopted by a majority of the city council. The specific contention in that connection was that while the language of the contract introduced in evidence and relied on by him was that his compensation should be "five per cent of the total cost of the waterworks to the City," said issue required the jury, in order to return an affirmative answer thereto, to find that the language of such contract was that his compensation should be "five per cent of the total cost of the new improvements as well as the costs paid for the old city waterworks system." Plaintiff further objected to the submission of both issues Nos. 1 and 2 on the ground that they were calculated to confuse the jury, and that the court should submit the specific point of difference between the contract introduced by him and the contract introduced by defendant. He also requested the court to submit an issue inquiring, in substance, whether the contract introduced by him was a true copy of the original adopted by the city council, and another inquiring, in substance, whether the contract adopted by the city council provided that he should receive for all his services "five per cent of the entire cost of the waterworks system to the City of Frost." Both said requests were refused. The ruling of the court on each of the matters above recited is made the basis of a separate assignment of error. We, however, do not deem it necessary to give each assignment separate consideration.

■ The copy of the purported contract introduced in evidence by plaintiff contained the following provision: "The engineering fee shall be five per cent of the total cost of the waterworks to the City of Frost." The copy of the purported contract introduced in evidence by defendant was identical with the copy introduced by plaintiff, except that the word "improvements" was used therein instead of the word "waterworks." We think the testimony, considered as a whole, raised controverted issues with reference to whether the city council of said city, by a majority vote of its members, adopted a written contract for the employment of plaintiff, in which the compensation to be paid him for his services was stipulated, and, if so, whether such compensation was to be 5 per cent. of the total cost of the "waterworks" to defendant, or 5 per cent. of the total cost of the "improvements" to defendant. The controverted issue was the actual language used in the contract, if any, adopted by a majority vote of the council, and not the substance and legal effect thereof, as incorporated in the issue submitted to the jury. There was neither allegation nor contention of ambiguity in either of the purported contracts introduced in evidence. Such being the case, the construction and legal effect of the contract, if any, adopted by the city council was a matter of law for the determination of the court. Fleming v. Todd (Tex. Civ. App.) 42 S.W.(2d) 123, 124, pars. 3 and 4, and authorities there cited. The form in which a controverted issue of fact should be submitted must be determined by the pleadings and testimony in each individual case. Fort Worth & D. C. Ry. Co. v. Amason (Tex. Com. App.) 276 S. W. 162, 166 (top second column); Peterson v. Clay (Tex. Civ. App.) 225 S. W. 1112, 1114, pars. 4 and 5; Wright v. Maddox (Tex. Civ. App.) 288 S. W. 560, 565, par. 11; Armour & Co. v. Tomlin (Tex. Civ. App.) 42 S.W.(2d) 634, 636, par. 4. Plaintiff pleaded the language of the contract relied on by him in hæc verba and supported his allegations by his testimony in specific terms. He sought, both by objections and requests for the submission of issues, to have his specific contention submitted to the jury in the exact language of his pleadings and testimony. The jury, in determining the answer to the issue submitted, must be presumed to have read the two different contracts introduced in evidence by the respective parties. Neither of them contained the language required to be found therein before an affirmative answer to such issue could be returned. We think the form of such issue was reasonably calculated to confuse the jury, to plaintiff's prejudice.

■ Appellant assigns as error the action of the court in refusing to give the jury certain special charges requested by him. We have examined all the same and find that each of them is in the nature of a general charge, which is improper in a case submitted on special issues, and the court therefore did not err in refusing the same.

The judgment is reversed, and the cause is remanded.