State v. Best

STATE OF NORTH CAROLINA v. JACK BEST, ALIAS WILLIE FENNELL

No. 7418SC758

(Filed 6 November 1974)

1. Searches and Seizures § 3— issuance of search warrant — validity

A warrant to search defendant, his apartment, and his vehicle was properly issued where the issuing magistrate testified that he read and considered the affidavit submitted by a police officer, questioned the officer concerning the reliability of his informant and his reasons for believing that the defendant had heroin upon his person and in his residence and car, and reached his own independent judgment that there was probable cause for the issuance of a search warrant.

2. Searches and Seizures § 4— search of residence — authorization of warrant

A warrant which commanded the search of "Richard Sharpe (an alias used by defendant), 916 E. Cone Blvd. apt. F, 66 Dodge N.J. VLJ-816 for the property in question" specifically authorized a search of defendant's residence.

---

State v. Best

---

ON *certiorari* to review trial before *Kivett, Judge,* 8 October 1973 Session of Superior Court held in GUILFORD County.

Heard in Court of Appeals 18 September 1974.

Defendant was tried upon an indictment charging possession of heroin, a controlled substance under Schedule I of the North Carolina Controlled Substances Act.

Pursuant to a search warrant defendant and his apartment at 916 East Cone Boulevard, Greensboro, were searched by Detective Daughtry of the Greensboro Police Department. The search of the apartment disclosed three measuring spoons with residue of heroin, a glassine bag containing heroin, several smaller glassine bags, and a sifter. Defendant admitted ownership of the heroin.

Prior to trial defendant moved to suppress the evidence obtained upon the search of his apartment on the ground that the search warrant was invalid. The warrant authorized the officers "to search Richard Sharpe [an alias used by defendant], 916 E. Cone Blvd. apt. F, 66 Dodge N.J. VLJ-816 for the property in question." It was based upon an affidavit of Officer Daughtry which set out in part that he had probable cause to believe that defendant and others had "on their persons and residence & vehicles. certain property, to wit: heroin, a controlled substance . . . . " and described the residence as apartment F, 916 E. Cone Boulevard, Greensboro, North Carolina and the vehicle as a 1966 Dodge four-door with New Jersey license VLJ-816.

Upon a voir dire hearing Magistrate Baker testified that he read the affidavit made by Officer Daughtry and examined the officer under oath concerning the reliability of his informant and other information reported in the affidavit. After such examination Magistrate Baker testified that he found probable cause to issue the search warrant for a search of defendant, his residence at apartment F, 916 East Cone Boulevard, and the 1966 Dodge automobile.

The motion to suppress was denied, and the heroin and other property admitted into evidence.

Defendant offered no evidence.

The jury returned a verdict of guilty and from judgment imposed thereon defendant entered notice of appeal. The tran-

State v. Best

script of the trial was delayed and appeal was not perfected in time. This Court granted certiorari.

*Attorney General James H. Carson, Jr., by Associate Attorney John R. Morgan, for the State.*

*Booth, Fish, Simpson and Harrison, by A. Wayne Harrison, for defendant appellant.*

BALEY, Judge.

Defendant's sole assignment of error is to the denial of his motion to suppress evidence obtained by a search of his premises pursuant to a search warrant. He makes two specific objections: first, the procedure used by the magistrate in the issuance of the warrant did not permit an independent determination of probable cause, and, second, the warrant itself did not specifically authorize the search of defendant's residence. The trial court found from the testimony of the magistrate that the warrant was properly issued and that it authorized the search of defendant and his residence. We agree.

[1] Ordinarily a search warrant will be presumed regular if irregularity does not appear on the face of the record. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881. Here, however, the trial court chose to conduct a voir dire hearing, and the State presented plenary evidence to show the proper issuance of the warrant and the validity of the search. Magistrate Baker testified that he read and considered the affidavit submitted by Officer Daughtry and questioned the officer concerning the reliability of his informant and his reasons for believing that the defendant had heroin upon his person and in his residence and car. After such inquiry the magistrate reached his own independent determination that there was probable cause for the issuance of a search warrant. We find this procedure to be entirely in accord with the performance of his proper judicial function.

[2] The warrant which was issued commanded the search of "Richard Sharpe [an alias used by defendant], 916 E. Cone Blvd. apt. F, 66 Dodge N.J. VLJ-816 for the property in question." Magistrate Baker, in response to an inquiry from the court, stated that the warrant he issued authorized the search of each of the three: the defendant, his residence, and his automobile. It named the defendant, located and described the residence, and identified the automobile by make, model and license

registration. There was ample evidence to support the ruling of the trial court.

No error.

Judges BRITT and HEDRICK concur.