STATE OF NORTH CAROLINA v. JOHN ROBERT HAYES, JR.

No. 64

(Filed 7 December 1976)

1. Criminal Law § 98— waiver of right to be present during trial

The right of defendant to be present throughout the trial is personal and a defendant may waive the right.

2. Criminal Law § 98— denial of right to be present at jury selection

Defendant was denied his right to be present at the jury selection where defendant and his counsel were told by the district attorney that they could leave the courtroom and that they would be given a half day's notice before defendant's case would be called, defendant's trial was begun in his absence after only two hours' notice to his counsel, when defendant arrived the jury had been selected, his peremptory challenges had been expended and he had been deprived of the right to question the jurors, and defendant was then given the opportunity to challenge for cause only those jurors he knew.

3. Searches and Seizures § 3— confidential informant — contents of affidavit for search warrant

In order for an affidavit to be sufficient to show probable cause for issuance of a search warrant, (1) the affidavit must contain facts from which the issuing officer can determine that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched, and (2) if an unidentified informant has supplied all or a part of the information contained in the affidavit, some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable must be set forth before the issuing officer.

4. Searches and Seizures § 3— confidential informant — sufficiency of affidavit

A statement in an affidavit that a confidential informant had been to specified premises in the past few hours and observed mari-

juana being possessed at such location was sufficient to show that contraband (marijuana) was being possessed in the premises to be searched; and a statement in the affidavit that the informant had furnishesd reliable information in the past which had in fact led to the arrest of several persons, together with testimony of the officer-affiant that, acting on information given him by the informant in this case, he searched a named person and found her to be in possession of lottery paraphernalia, was sufficient to show the reliability of the informant.

5. **Searches and Seizures § 3— issuance of search warrant — testimony before magistrate**

Under G.S. 15-26(b) it was not necessary that an affidavit to obtain a search warrant contain all the evidence presented to the issuing officer, and testimony by the affiant could be considered by the issuing officer as bearing upon the credibility of the confidential informant who furnished information to the affiant.

6. **Narcotics § 4— felonious possession of marijuana — analysis of contents of some envelopes — sufficiency of evidence**

The State's evidence was sufficient for submission to the jury on the issue of whether all nineteen envelopes found in defendant's house contained marijuana, and thus whether defendant was guilty of felonious possession of more than one ounce of marijuana, where an expert witness testified that he had examined and identified marijuana in numerous prior cases and trials; he examined the contents of all the envelopes taken from defendant and the contents of each appeared to be the same; he selected five envelopes at random, all of which, after analysis of the contents, were found to contain marijuana; and the net weight of the contents of all nineteen envelopes was in excess of one ounce.

ON petition for discretionary review of the decision of the Court of Appeals, reported in 29 N.C. App. 356, 224 S.E. 2d 260, which found no error in the trial before *Long, J.,* at the 15 September 1975 Session of FORSYTH Superior Court.

Defendant was tried and convicted upon an indictment, proper in form, for the felonious possession of a controlled substance (marijuana in excess of one ounce) and was sentenced to two and one-half to three years' imprisonment. On appeal, the Court of Appeals found no error.

Defendant filed a petition with this Court for discretionary review of the decision of the Court of Appeals and gave notice of appeal. We denied the Attorney General's motion to dismiss the appeal and allowed the petition for discretionary review.

The State introduced evidence tending to show that on 21 March 1975, at approximately 9:45 p.m., police officers arrived

at defendant's house with a search warrant. After reading the warrant to defendant, the officers entered the house. At this time, defendant removed three envelopes from his pocket and stated, "I guess you want this." One of the officers visually examined the contents of the envelopes and placed defendant under arrest for possession of marijuana. Defendant then led the officers to sixteen additional envelopes which were located in a closet in an upstairs bedroom.

An expert in the field of chemical and microscopic analysis testified that he had analyzed certain portions of the vegetable matter contained in the envelopes seized from defendant. Based on this analysis, he determined that the contents of all the envelopes were marijuana and that the total net weight of all the contents was 56.4 grams—an amount in excess of one ounce.

Defendant offered no evidence.

Other facts necessary to the decision of this case will be discussed in the opinion.

*Attorney General Rufus L. Edmisten and Assistant Attorney General Ralf F. Haskell for the State.*

*Herman L. Stephens for defendant appellant.*

MOORE, Justice.

On the first day of the 15 September 1975 Session of Forsyth Superior Court, defendant and his counsel were present. They were told by the district attorney that they could leave the courtroom and that they would be given one-half day's notice before their case would be called for trial. Defendant and his counsel then left the courtroom. On 18 September 1975, at approximately 10:30 a.m., the district attorney contacted defendant's counsel and stated that the case would be tried as soon as possible. Defendant's counsel, who was then involved in the trial of another case, arrived in the courtroom at approximately 12:30 p.m. The defendant was not present. The trial judge, over defense counsel's objection, ordered that jury selection begin. After counsel exhausted defendant's six peremptory challenges, the jury was selected and the court recessed for lunch.

Court reconvened at 2:00 p.m. and over defense counsel's objection, a hearing on defendant's motion to suppress was begun. At 2:17 p.m., defendant arrived in the courtroom. At that

State v. Hayes

time, the trial judge notified defense counsel that he might examine any of the jurors to determine whether any of them recognized defendant and, if so, he would permit an additional challenge for cause if necessary. He did not offer to grant defendant any additional peremptory challenges. Defense counsel then announced that the jury was acceptable to defendant. Defendant assigns as error the selection of the jury in his absence.

In *Lewis v. United States,* 146 U.S. 370, 36 L.Ed. 1011, 13 S.Ct. 136 (1892), the trial judge adopted a procedure for questioning prospective jurors which effectively denied defendant any opportunity to examine or view the prospective jurors in his case prior to the time that he was required to make his challenges. The United States Supreme Court held that this procedure was error. In so holding, the Court stated:

" . . . Thus reading the record, and holding as we do that making of challenges was an essential part of the trial, and that it was one of the substantial rights of the prisoner to be brought face to face with the jurors at the time when the challenges were made, we are brought to the conclusion that the record discloses an error. . . . " 146 U.S. at 376, 36 L.Ed. at 1014, 13 S.Ct. at 138.

In *Pointer v. United States,* 151 U.S. 396, 408-09, 38 L.Ed. 208, 214, 14 S.Ct. 410, 414-15 (1894), the Court stated:

"The right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused. . . . He may, if he chooses, peremptorily challenge 'on his own dislike, without showing any cause;' he may exercise that right without reason or for no reason, arbitrarily and capriciously. [Citations omitted.] Any system for the impaneling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned. And, therefore, he cannot be compelled to make a peremptory challenge until he has been brought face to face, in the presence of the court, with each proposed juror, and an opportunity given for such inspection and examination of him as is required for the due adminstration of justice."

[1] It should be noted, however, that the right of defendant to be present is not absolute. Rather, the right to be present is personal and a defendant may waive the right. *See Diaz v.*

*United States,* 223 U.S. 442, 56 L.Ed. 500, 32 S.Ct. 250 (1912) ; *United States v. Crutcher,* 405 F. 2d 239 (2d Cir. 1968).

The holdings of this Court are essentially in accord with those of the United States Supreme Court. In *State v. Pope,* 257. N.C. 326, 330, 126 S.E. 2d 126, 129 (1962), we stated:

> "In every criminal prosecution it is the right of the accused to be present throughout the trial, unless he waives the right." *See also State v. Hartsfield,* 188 N.C. 357, 124 S.E. 629 (1924) ; *State v. Craton,* 28 N.C. (6 Ired.) 164 (1845).

In *State v. Perry,* 277 N.C. 174, 177, 176 S.E. 2d 729, 731 (1970), Justice Higgins, speaking for the Court, stated:

> " . . . Each defendant is entitled to full opportunity to face the prospective jurors, make diligent inquiry into their fitness to serve, and to exercise his right to challenge those who are objectionable to him. . . . "

[2] Applying the above stated principles to the facts in this case, we hold that defendant is entitled to a new trial. On the first day of the 15 September session of court, the defendant and his counsel were told by the district attorney that they could leave the courtroom and that they would be given a half day's notice before the case would be called. Instead, defendant's trial commenced, in his absence, after only two hours' notice to his counsel. When defendant arrived, the jury had been selected, his peremptory challenges had been expended and he had been deprived of the right to question the jurors. Further, he was only given the opportunity to challenge for cause those jurors he knew. Thus, defendant faced a jury that he had no part in selecting. Under the circumstances of this case, defendant did not waive his right to be present at the jury selection and was denied a substantial right.

We commend the district attorney for his attempt to accommodate defendant and his counsel by permitting them to leave the courtroom, subject to call on one-half day's notice. However, once he entered into this agreement, we are constrained to hold that defendant and his counsel were entitled to rely on it, and that in selecting the jury in defendant's absence, without the agreed notice, defendant's right to be present at this critical stage in his trial was denied.

Inasmuch as we are awarding defendant a new trial because he was deprived of his right to be present during the selection of the jury, it is not necessary to pass on his contention concerning his absence during the hearing on his motion to suppress. Suffice it to say, he was present while Officer Holman testified on *voir dire* and had ample opportunity to cross-examine the officer. He could also have testified or offered evidence in his own behalf, which he did not do. If he has such evidence, he may offer it at his next trial.

Defendant questions the validity of the search warrant and the supporting affidavit.

In *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), the United States Supreme Court stated the principles to be applied in determining the sufficiency of an affidavit to form a basis for a finding of probable cause to search:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States*, 362 U.S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States*, 376 U.S. 528, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' *Giordenello v. United States, supra*, [357 U.S.] at 486; *Johnson v. United States, supra*, [333 U.S.] at 14, or, as in this case, by an unidentified informant." 378 U.S. at 114-15, 12 L.Ed. 2d at 729, 84 S.Ct. at 1514.

*See also Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969) ; *State v. Edwards*, 286 N.C. 162, 209 S.E. 2d 758 (1974) ; *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972) ; *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972) ; *State v. Spillars*, 280 N.C. 341, 185 S.E. 2d 881 (1972).

[3] The *Aguilar* and *Spinelli* cases have created a "two-pronged" test for determining whether an affidavit is sufficient to show probable cause. First, the affidavit must contain facts from which the issuing officer could determine that there are reasonable grounds to believe that illegal activity is being carried on or that contraband is present in the place to be searched. Secondly, if an unidentified informant has supplied all or a part of the information contained in the affidavit, some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable must be set forth before the issuing officer.

In the case of *State v. Campbell, supra,* the "first prong" of *Aguilar* was at issue. In *Campbell,* a search warrant was issued upon an affidavit which stated that certain suspects were actively involved in the drug traffic around Campbell College. The affidavit further specified the location of the residence of the suspects and requested a warrant to search the residence. The warrant was issued and, at trial, the fruits of the search were introduced into evidence. This Court held that the issuance of the search warrant was improper. The reason for this holding was that the affidavit did not contain any "underlying facts and circumstances from which the issuing officer could find probable cause existed *to search the premises described.*"

[4] In instant case, the affidavit submitted to obtain the search warrant stated:

"I have received information from a confidential informer that the narcotic drug marijuana is being kept and stored at 2775 Piedmont Circle. The informer has been to the above location in the past few hours and observed the narcotic drug marijuana being possessed and controlled at the above location. This information was received on the 21 March 1975 [the date on which the warrant was issued]."

This portion of the affidavit is sufficient to establish probable cause that contraband (marijuana) was being possessed in the premises to be searched.

The second issue is whether the affidavit stated sufficient underlying circumstances to show that the informer in this

case was credible or that the information was reliable. The affidavit stated:

> "The informant has furnished information in the past and the same has proven reliable. Information furnished by this informant has led to several arrests, information received from this informant led to the arrest of Miss Elizabeth Furches for the possession of lottery. This case is now pending in Criminal Court."

[5]   At the *voir dire* hearing on the motion to suppress, Officer Holman testified that on 21 March 1975, prior to the issuance of the search warrant on that date, he told the issuing officer that acting on the information given him by the informant in this case, he searched Miss Furches and found her to be in possession of lottery paraphernalia. Under G.S. 15-26(b) it was not necessary that the affidavit contain all the evidence presented to the issuing officer. Thus, the testimony of Officer Holman could be considered by the issuing officer as bearing upon the reliability of the informant. As stated in *State v. Spillars, supra,* at 349, 185 S.E. 2d at 886-87:

> "It is not necessary that the affidavit contain all the evidence properly presented to the magistrate. *State v. Elder,* 217 N.C. 111, 6 S.E. 2d 840. G.S. 15-26(b) requires only that the affidavit indicate the basis for the finding of probable cause. We do not interpret this portion of the statute to impose a requirement upon the magistrate to transcribe all the evidence before him supporting probable cause. Such an interpretation would impose an undue and unnecessary burden upon the process of law enforcement."

*But see* G.S. 15A-245(a) and comments in 10 Wake Forest L. Rev. 369-70 for changes made in the procedure to be followed after 1 July 1975.

[4]   The statement in the affidavit that the informant had furnished reliable information in the past which had in fact led to the arrest of several persons and the testimony of Officer Holman are sufficient to show the reliability of the informer. *See State v. Spencer, supra; State v. Spillars, supra. See also People v. Ward,* 508 P. 2d 1257 (Col. 1973), wherein an affidavit stated that informant had given reliable information "on at least two recent past occasions which resulted in narcotics arrests and seizures. . . . " The Colorado Supreme Court held that

this statement was sufficient to show the credibility of the informant.

As stated in *United States v. Ventresca,* 380 U.S. 102, 108, 13 L.Ed. 2d 684, 689, 85 S.Ct. 741, 746 (1965):

> " . . . [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. . . . "

Thus, we hold that the issuing officer had probable cause to issue the search warrant in this case. Accordingly, this assignment is overruled.

[6] Since the issue will arise at defendant's new trial, we address the contention that a nonsuit should have been granted on the charge of felonious possession. At trial, an expert in the field of chemical and microscopic analysis testified that he examined three envelopes which defendant gave to police officers. Upon making a visual determination that the contents of the envelopes were the same material, he analyzed, chemically and microscopically, the contents of one envelope. Likewise, with respect to the sixteen envelopes which were taken from a closet located in defendant's house, the expert visually examined the contents of all sixteen envelopes and determined that the contents were the same. The expert then analyzed, both chemically and microscopically, the contents of four envelopes which he selected at random. On the basis of this analysis, he determined that the contents of all the envelopes were marijuana and that the total net weight of all the contents was 56.4 grams (an amount in excess of one ounce, and in violation of G.S. 90-95 (d) (4)).

Defendant contends that only the contents of the envelopes which were chemically and microscopically examined may be used to support his conviction. Thus, since the weight of the contents of the five envelopes actually analyzed was less than one ounce, defendant contends that the State should have been nonsuited on the felonious possession charge under G.S. 90-95 (d) (4).

In *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970), defendant was convicted of possession of more than one hundred capsules of a barbiturate in violation of G.S. 90-113.2(5). At trial, an expert in the field of chemical analysis testified that he made a visual examination of all the capsules submitted to him. Upon ascertaining that all the capsules possessed the same physical appearance, the expert analyzed the contents of several randomly selected capsules and found that each contained barbiturates. As in instant case, defendant contended that at most he was guilty of possession of only those capsules which were actually analyzed. This Court disagreed, holding that the issue of whether all the capsules contained barbiturates was a question for the jury and the testimony of the expert was sufficient to withstand a motion for nonsuit on the charge of possession of more than one hundred capsules of a barbiturate.

It is the well settled rule in this jurisdiction that a motion for nonsuit is properly denied if there is any competent evidence to support the allegations in the indictment or warrant, considering the evidence in the light most favorable to the State, and giving the State every reasonable inference deducible therefrom. 4 Strong, N. C. Index 3d, Criminal Law § 106 (1976), and cases cited therein.

In the case at bar, there was sufficient evidence to go to the jury on the question of whether all the envelopes contained marijuana. The expert witness testified that he had examined and identified marijuana in numerous prior cases and trials; that he examined the contents of all the envelopes taken from defendant and that the contents of each appeared to be the same; and that he selected five envelopes at random, all of which, after analysis of the contents, were found to contain marijuana. This evidence was sufficient to submit to the jury on the issue of whether the contents of all the envelopes were marijuana. This assignment is overruled.

For the error committed in selecting the jury in defendant's absence, defendant is entitled to a new trial.

The case is remanded to the Court of Appeals with direction to remand to the Superior Court of Forsyth County for further proceedings in accordance with this opinion.

New trial.