STATE OF NORTH CAROLINA v. MITCHELL WOOTEN

No. 7318SC799

(Filed 16 January 1974)

1. Criminal Law § 92— possession of heroin, amphetamines — consolidation of charges

The trial court did not err in consolidating for trial charges of possession of heroin and possession of amphetamines.

**2. Arrest and Bail § 3— arrest without warrant — reasonable grounds**

Officers had reasonable grounds to believe that defendant had heroin on his person and an officer was justified in arresting defendant without a warrant where the evidence tended to show that a reliable informer told officers that he had seen defendant dispensing heroin at a named location, officers found defendant at the named location which was known by officers to be a place where heroin was sold, defendant immediately left the area when the officers arrived, officers later found defendant's car and defendant returned to it shortly thereafter, officers approached defendant and identified themselves, and defendant ran. G.S. 15-41(2).

**3. Criminal Law § 87— leading questions — allowance discretionary**

The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be disturbed on appeal, absent a showing of abuse of discretion.

**4. Criminal Law § 162— motion to strike — necessity**

Defendant was not prejudiced by the admission of answers to two questions where defendant did not move to strike the answers.

**5. Narcotics § 3— bags of heroin — similarities in analyzed and unanalyzed bags — relevancy**

Testimony by a chemist who analyzed the contents of four glassine bags chosen at random from among the twenty-nine found on defendant at his arrest that there was no difference in the size and shape of the bags not analyzed and those analyzed was relevant and material in defendant's trial for possession of heroin.

**6. Criminal Law § 102— solicitor's jury argument — matters in record — no error**

Remarks of the solicitor in his jury argument which did not go outside the record did not constitute prejudicial error.

**7. Narcotics § 4.5— possession of heroin — instructions as to guilt**

Trial court did not err in failing to instruct the jury that defendant's guilt or innocence of possession of heroin could not be determined by the testimony of an expert witness as to scientific measurement or detection.

APPEAL by defendant from *Crissman, Judge,* 28 May 1973 Criminal Session Superior Court, GUILFORD County.

Defendant was charged in separate bills of indictment with possession of heroin and possession of amphetamines. The charges were consolidated for trial, and he was found guilty as charged in each case. He appeals from the judgment of imprisonment entered on the jury verdicts.

*Attorney General Morgan, by Associate Attorney Raney, for the State.*

*Frye, Johnson and Barbee, by Walter T. Johnson, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant first assigns as error the court's overruling his objection to the State's motion for consolidation of the two charges for trial. Defendant concedes that the court is expressly authorized by statute, G.S. 15-152, to consolidate for trial two or more charges against the same defendant where the crimes charged are of the same class and are so connected in time or place that evidence at the trial of one charge will be competent and admissible at the trial of the other charges. His contention that the crimes charged are not of the same class is without merit. We are not impressed with defendant's argument that because a charge of possession of heroin carries a far greater "anti-social stigma," the defendant was prejudiced by joining the two charges for trial. Neither does defendant's argument that the charge of possession of amphetamine was a misdemeanor at the time of the charge and, therefore, the two charges could not be consolidated, have any merit. Amphetamine was a Schedule II controlled substance under G.S. 90-90 at the time of defendant's arrest on 13 December 1972. G.S. 90-88 provides:

> "(a) The North Carolina State Board of Health shall administer those portions of this Article having to do with the scheduling of controlled substances under this Article, and may add, delete, or reschedule substances within Schedules I through VI of this Article . . . "

Pursuant to an order entered 23 March 1972 by the State Board of Health, amphetamine was made a Schedule II controlled substance. G.S. 90-95 (e) makes the possession of a Schedule II controlled substance a felony. Defendant does not contend that the State Board of Health in any way failed to comply with the provisions of G.S. 90-88. This assignment of error is overruled.

[2] Defendant next urges that the court committed prejudicial error in allowing the State to introduce evidence seized from the defendant at the time of his arrest. Defendant takes the position that the arrest was made without a warrant, and,

therefore, the evidence seized without a search warrant was not admissible.

Defendant concedes that the right of the officers to arrest defendant, if the right existed, is controlled by the provisions of G.S. 15-41 (2) : "When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

The evidence of the State, in summary, was as follows: The arresting officers received a telephone call from an informant whom they knew and whose information had resulted in the arrest and conviction of several people. One officer, on voir dire, gave the names of three persons convicted as the result of information given by this informant. He further testified that he could check the files for more names. The informant told the officers that defendant was at that time at the A & T State University campus on the Student Union parking lot, that he had a large quantity of heroin on his person, and that he had seen defendant selling heroin to individuals in the parking lot. The informant further gave the officers a description of the car defendant was driving and its license number and a description of the coat defendant was wearing. The officer testified that it was their normal procedure, upon only a telephone call, to check out the information before getting a search warrant and that it would take about an hour and one-half to get a search warrant. The two officers proceeded immediately to the location. They saw defendant, whom they knew and who knew them. Defendant was standing by his car in a group of people, one of whom was known to the officers as a seller and user of heroin. When defendant saw the officers, he immediately got in his car and left. The car was as described and bore the license number given by the informant. The officers got in their car and drove around the area of the campus looking for defendant. They found his car parked on the Moore Gymnasium parking lot, but he was not in it. They parked their car nearby and waited for him to return. He returned in a very short while riding in a white Chevrolet which stopped behind defendant's car. Defendant got out of the back seat and walked over to his car, unlocked it and got in. The officers went up to his car, told him they were police officers and asked him to get out. Defendant did get out. The officer again told him he was a police officer. Defendant began backing away. The officer asked him to wait a minute, that he wanted to talk to him. The officer ran his hand

State v. Wooten

in his pocket to bring out his badge and I.D. card and at that time defendant started running. The officer caught him and held him until the officer with him helped subdue defendant. Defendant was placed under arrest for possession of heroin and searched. A needle, syringe, 29 glassine bags of heroin and four amphetamine tablets were found on defendant's person.

Defendant does not contend that the possession of heroin is not a felony. It is, of course, and "is a continuing offense, committed wherever, whenever, and so long as a person has such substance in his possession, whatever the purpose of such possession may be." *State v. Roberts*, 276 N.C. 98, 104, 171 S.E. 2d 440 (1970). The only point remaining for determination is whether the arresting officers had reasonable ground to believe that defendant was then in possession of some quantity of heroin.

The informant had been reliable in the past, the defendant left immediately when he saw the officers, he was at a place known by the officers to be a place where heroin was sold. He was standing by his car in a group of people, one of whom was known by the officers to be a user of heroin. When the officers found his car, he was not in it but returned shortly. When the officer asked to talk to him and identified himself as a police officer, defendant ran. We are of the opinion that the evidence is sufficient to support the trial judge's finding that the officers had reasonable ground to believe that defendant had heroin on his person and that the officer was justified in making the arrest without a warrant. Assignment of error No. 6, that the court should have granted defendant's motion for nonsuit based on the inadmissibility of the evidence seized, is also overruled.

[3] By his third assignment of error defendant contends that the court erred in failing to sustain his objection, on two occasions, to leading questions asked by the solicitor. In neither instance was error committed. Both questions were asked during the voir dire examination. In the first instance, the solicitor rephrased the question and no objection was interposed. In the second, defendant did not move to strike the answer. In any event "the allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be disturbed on appeal, at least in the absence of abuse of discretion." *State v. Painter*, 265 N.C. 277, 284, 144 S.E. 2d 6 (1965). No abuse of judicial discretion appears.

[4] Defendant's fourth assignment of error is directed to the trial judge's failure to sustain defendant's objections to questions asked about one Claude Boone. The first objection was made to a question asked on voir dire. This was in the absence of the jury and could not possibly have prejudiced defendant with the jury. The other two questions were asked in the presence of the jury. Each question was directed to a police officer. In neither case did the defendant move to strike the answer. The solicitor asked the officer how he knew Claude Boone. The answer was that Boone had been under investigation by the department, but that he did not talk to Boone because he had no information on him and was not sufficiently friendly with him to strike up a conversation with him. The other question was directed to another officer who was asked who was with Boone. The answer was that he was standing next to defendant. We can see no possible prejudice to defendant by these answers which were not the subject of a motion to strike.

[5] Defendant next argues that the testimony of the chemist who analyzed the substance contained in four of the 29 glassine envelopes to the effect that there was no difference in the size and shape of the bags not analyzed and those analyzed was prejudicial error. We do not agree. There was uncontradicted evidence that 29 glassine bags were found. The fact that they were all of the same size and that each contained approximately the same amount and that the contents of each bag had a very similar appearance is relevant and material. The expert had already testified that he picked four bags at random to test and each of the four bags contained heroin.

Defendant cites no authority and gives no reason or argument in support of his assignment of error No. 7. This assignment of error is, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[6] By assignment of error No. 8 defendant contends that certain remarks by the solicitor constituted prejudicial error. The solicitor, after the verdict was in, put in writing the remarks which defendant contends are objectionable. Defendant agreed that these were the remarks made. The remarks did not go outside the record. "[W]hen the prosecuting attorney does not go outside the record and his characterizations of the defendant are supported by the evidence, the defendant is not entitled to a new trial by reason of being characterized in uncomplimentary terms in the argument." [Citing *State v. Bowen,* 230 N.C. 710,

55 S.E. 2d 466 (1949).] *State v. Westbrook,* 279 N.C. 18, 39, 181 S.E. 2d 572 (1971).

[7] Finally, defendant contends that the court should have instructed the jury that defendant's guilt or innocence of possession of heroin could not be determined by the testimony of an expert witness as to scientific measurement or detection. Defendant cites no authority for this novel proposition nor did he request any such special instruction. The charge of the court required the jury to determine defendant's guilt or innocence from their own recollection of the evidence presented to them. They were clearly instructed upon the law applicable to the facts and were told several times that they must find guilt beyond a reasonable doubt from all the evidence. We find no prejudicial error in the court's charge to the jury.

Defendant has had a fair trial, free from prejudicial error, and the jury found against him. In his trial we find

No error.

Chief Judge BROCK and Judge CARSON concur.