STATE OF NORTH CAROLINA v. DUANE ALTON ABSHER

No. 7723SC290

(Filed 5 October 1977)

1. **Searches and Seizures § 4— ledger in plain view — prior knowledge of ledger's existence — seizure under plain view rule proper**

    Officers who possessed a valid search warrant and who were lawfully in defendant's trailer properly seized a ledger book containing a record of defendant's drug transactions which was in plain view in the kitchen. The fact that officers had some information that a record book existed, but not enough information to give probable cause for its specific search, did not render discovery of the ledger advertent so as to make seizure pursuant to the plain view rule improper.

2. **Narcotics § 3— chemist's expert opinion — random sample of contraband as basis**

    In a prosecution for possession with intent to sell controlled substances, the trial court properly admitted an expert chemist's opinions as to the identity of certain uncoded tablets and green vegetable material, though the chemist tested only a random sample of the tablets and vegetable material, since expert chemists may give an opinion as to the whole when only a few or parts of the whole have been tested.

APPEAL by defendant from *Seay, Judge.* Judgments entered 3 December 1976 in Superior Court, WILKES County. Heard in the Court of Appeals 31 August 1977.

Defendant was charged in ten separate indictments with felonious possession with intent to sell and deliver controlled substances including cocaine, phencyclidine, marijuana, "LSD," and heroin.

Prior to trial, defendant made written motion to suppress evidence seized during a search of his trailer pursuant to search warrant, which evidence was a small notebook containing ledger entries showing names and dollar signs beside the names. The Court held a *voir dire* hearing and denied defendant's motion.

State's evidence tended to show that, as a result of confidential information, officers of the Wilkes County Sheriff's Department and S.B.I. agents went to the area of defendant's house trailer where they found well-worn paths leading from the trailer to a laurel thicket. In the thicket the officers found burlap and plastic bags containing green vegetable matter. The officers testified that they saw defendant enter the laurel thicket.

The officers later secured a search warrant and returned to defendant's trailer. Defendant admitted them. The officers searched the trailer and found vegetable matter in a partially burned plastic bag, scales, and a ledger book was discovered in the kitchen. From the defendant's parked car the officers removed a brick consisting of a green leafy material. From the laurel thicket the officers took more such material, and plastic bags containing pills, capsules and powders. All the materials were transferred directly to State Bureau of Investigation Chemist McDonald, in Raleigh.

Dr. McDonald identified certain of the drugs as phencyclidine, cocaine, three-four methylenedioxyamphetamine, lysergic acid diethylamide, heroin, oxazepam, methaqualone, hashish, meprobamate and marijuana.

The State also offered evidence tending to show that defendant's fingerprints were found on various plastic bags containing the controlled substances found.

Defendant presented no evidence but moved for nonsuit. Defendant's motion was denied and the jury found him guilty as charged on all ten counts. From the judgment imposing imprisonment defendant appeals.

*Attorney General Edmisten by Associate Attorney Thomas H. Davis, Jr. for the State.*

*Vannoy, Moore & Colvard by Morris W. Keeter; Max F. Ferree, P.A. by William C. Gray, Jr. for defendant appellant.*

CLARK, Judge.

[1] The defendant makes eight assignments of error in his brief. The first five involve the contention that the court erred in denying his motion to suppress the ledger notebook seized pursuant to the search warrant. The court held a *voir dire* hearing on his motion. Defendant maintained, first, that the ledger book was not listed as an item to be seized in the warrant, and, second, that its seizure was

not inadvertent, as the officers had been informed of its existence and location prior to the issuance of the warrant.

The application for the search warrant reads in pertinent part:

". . . There is probable cause to believe that certain property, to wit: Marijuana (constitutes evidence of) . . . a crime, to wit: violation of the North Carolina Controlled Substances Act . . . .

The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: the affiant states that he has received information from a confidential informant who has given information in the past that had proven to be true and reliable, that the informant saw a quantity of marijuana at and inside the above described dwelling and that Duane Absher had narcotics on his person. *Further Det. Garris has received information from other true and reliable informants that Duane Absher was a big pusher of narcotics in Wilkes County and that he keeps a record inside the trailer of his drug transactions. . . .*" [Emphasis added.]

It is not necessary that a specific item be named in a search warrant in order for it properly to be seized. The Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, indeed requires that no search warrant "shall issue . . . but upon probable cause . . . particularly describing the place to be searched and the persons or things to be seized." But *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969), created an exception to the requirement of specific description, the Plain View Rule. An item is lawfully seized, although not specifically described, if the officer is in a place lawfully and if the item seized is in plain view. Detective Garris and the others were possessed of a valid search warrant, were in the trailer lawfully, and the ledger book was lying in plain view in the kitchen.

Defendant contends that, although the above be true, yet, because the application for the warrant clearly indicates that the officers had some knowledge of the existence of the record book, its seizure was not warranted by the plain view exception, because not truly inadvertent.

N.C. G.S. 15A-253 requires inadvertence of discovery of items not specified in a search warrant. The recent case of *State v. Zimmerman*, 23 N.C. App. 396, 209 S.E. 2d 350 (1974), *cert. denied*, 286

N.C. 420, 211 S.E. 2d 800 (1975), defined inadvertence so as clearly to include the discovery of defendant's record book:

> ". . . Thus, we hold it is permissible to seize an item, constituting 'mere evidence' while *properly* [emphasis in original] executing a search warrant for another item when (1) there exists a nexus between the item to be seized and criminal behavior, and (2) the item is in plain view, and (3) the discovery of that item is inadvertent, *that is, the police did not know its location beforehand and intend to seize it. . . .*" [Emphasis added.] *State v. Zimmerman*, 23 N.C. App. at 402, 209 S.E. 2d at 355.

The officers had had some information that a record book existed, but not enough information to give probable cause for its specific search. Mere suspicion of a thing's existence is clearly not destructive of inadvertence. Knowledge, presumably such as would generate probable cause, is required and a positive intent to search. Defendant does not disprove the inadvertence of the discovery of the ledger book and the lawfulness of its seizure by showing that the officers had some suspicion that he kept such a book. Although the court made no findings of fact or conclusion of law on the issue of inadvertence, its denial of defendant's motion to suppress is not reversible error because clearly supported by the evidence presented on *voir dire*.

The ledger book, being lawfully seized, was properly admitted in evidence and properly passed among the members of the jury.

[2] Defendant's last three assignments of error challenge the court's admission of Dr. McDonald's opinions as to the identity of certain uncoded tablets and green vegetable material. Dr. McDonald admitted that, out of 400 tablets contained in a number of various bags, he tested only 5, and that he did not remember examining all eight bags of green vegetable material. McDonald was permitted to give his expert opinion that all the 400 tablets were phencyclidine and that the larger part of all the vegetable material was marijuana.

Defendant acknowledges that expert chemists may give opinion as to the whole when only a few or parts of the whole have been tested. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Wooten*, 20 N.C. App. 499, 201 S.E. 2d 696 (1974); *State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976). But he attempts to distinguish these cases from his. In *Riera, supra*, all the capsules were coded. In this case they were not. In *Wooten*, the 29 bags allegedly containing

heroin were similar in shape and weight. In *Hayes* the expert examined the contents of all the envelopes, decided that each appeared to be the same and then selected 5 envelopes at random before reaching the opinion that all contained marijuana. The cases are not distinguishable. Dr. McDonald followed accepted scientific practice. He testified that he examined all the tablets and that they appeared identical to him. The random selection of five for chemical analysis and his opinion based on the analysis' result was not, as defendant contends, an unqualified guess of mathematical probability, but a scientific opinion based on accepted methods, as was his opinion that all the bags contained marijuana.

As Dr. McDonald's opinion evidence was clearly admissible, the court's denial of defendant's motion for nonsuit on the basis of insufficient evidence on the issue of possession with intent to sell was not error. "[I]f there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." *State v. Johnson*, 199 N.C. 429, 431, 154 S.E. 730, 731 (1930).

No error.

Judges VAUGHN and HEDRICK concur.