STATE OF NORTH CAROLINA v. JEVAN ANDERSON

No. 848SC1159

(Filed 3 September 1985)

**1. Narcotics § 5— trafficking by sale or delivery—ambiguous verdict**

A verdict finding defendant guilty of trafficking "by selling *or* delivering in excess of 4 grams of a mixture containing heroin" was inherently ambiguous and fatally defective since sale and delivery are separate offenses.

**2. Narcotics § 4— trafficking in heroin—analysis of portion of packets—sufficiency of evidence**

The State's evidence was sufficient to permit the jury to find that all fourteen packets obtained from defendant contained heroin and that defendant was thus guilty of trafficking by selling and delivering in excess of 4 grams of a mixture containing heroin where it tended to show that the contents of three of the packets were analyzed by an SBI forensic chemist and found to contain heroin, the chemist visually analyzed all of the packets and testified that in his opinion the packets all contained similar material, and the total weight of the sixteen packets exceeded 6 grams.

**3. Narcotics § 4.3— constructive possession of heroin—conspiracy to possess heroin—sufficiency of evidence**

The evidence was sufficient to support jury findings that defendant possessed and conspired to possess heroin where it tended to show that an undercover agent contacted defendant to arrange the purchase of heroin and defendant informed her as to the price and quantity available; when the agent later met with defendant, defendant asked a codefendant if he had "gone to get it" and "what he was waiting for"; the agent later obtained the agreed-upon amount of heroin from the codefendant; and the agent asked the codefendant how much defendant wanted for the heroin and was told a specific price.

APPEAL by defendant from *Watts, Judge.* Judgment entered 19 January 1984 in Superior Court, LENOIR County. Heard in the Court of Appeals 22 August 1985.

Defendant was arrested following an undercover narcotics investigation by the State Bureau of Investigation. He was charged with two counts of conspiracy to traffick in heroin (one by possession with intent to sell and deliver and one by sale and delivery) and with two counts of trafficking in heroin (one by possession with intent to sell and deliver and one by sale and delivery).

SBI Agent Deidre Bowman testified as follows:

State v. Anderson

On 19 July 1983 she approached defendant and inquired as to the availability of heroin. Defendant said that "sixties" were available. Defendant then told his brother to "get J.T." Shortly thereafter codefendant Jerry Thompson arrived. Defendant told Thompson to "take care of" Bowman. Thompson and Bowman subsequently engaged in a sixty dollar heroin transaction. Immediately prior to the transaction defendant asked Bowman how much Thompson was charging and indicated that the next time he (defendant) would sell it cheaper.

On 8 August 1983 Bowman asked defendant how much "dope" she could get for $605. Defendant calculated and said she could get twelve "quarters." After negotiation he raised the number to fourteen.

Bowman met defendant later that evening and asked for her "package." Thompson came into the room and defendant asked him if he had "gone to get it yet." Thompson said no and defendant "asked him what he was waiting for." Thompson indicated that Bowman was to accompany him.

Bowman then drove Thompson to a corner where Thompson left the car and returned shortly with a small bottle containing fourteen clear plastic packets of white powder. An expert witness in forensic chemistry subsequently testified that samples of the powder contained heroin. Bowman asked Thompson how much defendant wanted for the powder. Thompson replied "six," whereupon she gave him $600.

Defendant later mentioned to Bowman that he had "lost $170 on the deal." Bowman heard no specific conversation between Thompson and defendant relating to the transaction nor did she observe an exchange of drugs or money between the two.

Defendant presented no evidence. The jury convicted him on all counts. The conspiracy charges were consolidated for sentencing, as were the trafficking charges. The court sentenced defendant to thirty-four years imprisonment and fined him $200,000. Defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General George W. Lennon, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

WHICHARD, Judge.

[1]   The verdict form on the charge of "trafficking in heroin by selling *and* delivering" reads as follows: "Guilty of trafficking . . . by selling *or* delivering in excess of 4 grams of a mixture containing heroin." (Emphasis supplied in both instances.) Defendant contends that his conviction on this charge cannot stand because use of the disjunctive "or" in the verdict form renders the verdict inherently ambiguous and deprives him of the right to a unanimous verdict. We agree.

"Two offenses cannot, in the absence of statutory permission, be alleged alternatively in the same count." *State v. Albarty*, 238 N.C. 130, 132, 76 S.E. 2d 381, 383 (1953). Such a disjunctive charge "leav[es] the exact accusation . . . shrouded in uncertainty." *Id.*

Sale and delivery of narcotics are separate offenses. *State v. Dietz*, 289 N.C. 488, 498-99, 223 S.E. 2d 357, 364 (1976). Further, each of the denounced acts in the trafficking statute constitutes a separate offense. *State v. Anderson*, 57 N.C. App. 602, 606, 292 S.E. 2d 163, 166, *disc. rev. denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982).

In *State v. McLamb*, 313 N.C. 572, 330 S.E. 2d 476 (1985), our Supreme Court held that a verdict "finding that defendant 'feloniously did sell or deliver' cocaine is fatally defective and ambiguous." *Id.* at 577, 330 S.E. 2d at 480. We find *McLamb* controlling and accordingly award a new trial on this charge.

We note that *McLamb* and the case here are distinguishable from *State v. Creason*, 313 N.C. 122, 326 S.E. 2d 24 (1985) and *Jones v. All American Life*, 312 N.C. 725, 325 S.E. 2d 237 (1985), which also dealt with disjunctive verdicts. In *Creason* the defendant was found guilty of possession of LSD with intent to sell or deliver. The Court held that such a verdict was not fatally defective because

the possession of narcotics with the intent to "sell or deliver" is one offense. On this charge the state is required to prove two elements: (1) defendant's possession of the drug, and (2) defendant's intention to "sell or deliver" the drug. . . . It is the *intent* of the defendant that is the gravamen of the offense.

*Creason,* 313 N.C. at 129, 326 S.E. 2d at 28. In *Jones* plaintiff asserted that submission of the disjunctive issue whether she killed or procured the killing of the insured resulted in an ambiguous verdict. The Court held that the issue and instructions did not deny plaintiff's right to a unanimous verdict since a finding of plaintiff's participation in the death of the insured by either alternative would bar recovery. *Jones,* 312 N.C. at 738, 325 S.E. 2d at 244.

*Creason* and *Jones* thus deal with situations where a single wrong is established by a finding of any one of multiple alternative elements. That is not the case here. There is no single offense of trafficking which may be proved by evidence of the commission of any one of multiple acts. *Anderson, supra.* Since the verdict form contained two separate offenses which were stated in the disjunctive, the verdict is inherently ambiguous and fails to support the judgment. *McLamb* at 577, 330 S.E. 2d at 480; *Albarty* at 133, 76 S.E. 2d at 383.

[2] Defendant contends the evidence did not suffice to convict him of trafficking by either possession or sale because only three of the fourteen packets of powder were chemically analyzed. The weight of the powder so analyzed was under one gram. Defendant admits that the total weight of all fourteen packets was in excess of six grams. He also acknowledges that the percentage of heroin in the mixture is not important so long as there is some heroin in a mixture that exceeds the statutory weight. *State v. Tyndall,* 55 N.C. App. 57, 60-61, 284 S.E. 2d 575, 577 (1981). He contends, however, that each of the packets, or at least enough of them to achieve a weight of four grams, should have been tested.

*State v. Hayes,* 291 N.C. 293, 230 S.E. 2d 146 (1976), is dispositive of this issue. There the chemist visually examined nineteen envelopes of vegetable matter seized from the defendant and determined that the contents were the same. He then examined chemically and microscopically the contents of five of the envelopes selected at random and identified the contents as marijuana. The Court found that "there was sufficient evidence to go to the jury on the question of whether all the envelopes contained marijuana." *Id.* at 302, 230 S.E. 2d at 151-52.

Here, similarly, an SBI forensic chemist with over fourteen years experience visually analyzed all packets in question and

chemically tested a random sample. He testified that in his opinion the plastic packets "all contain[ed] similar material which would contain heroin." He based his opinion

> not . . . just on the analysis but also on [his] experience in having seen and analyzed quite a number of different types of containers which contained controlled substances as well as noncontrolled substances and the general appearance of the powder, the weight or amount of material in the individual packets, more or less a visual examination along with the chemical analysis.

This evidence allowed the jury to determine that all the packets contained heroin. *Id.*, see also *State v. Riera*, 276 N.C. 361, 366-67, 172 S.E. 2d 535, 538-39 (1970); *State v. Wooten*, 20 N.C. App. 499, 504, 201 S.E. 2d 696, 700 (1974).

[3]   Defendant contends the evidence was insufficient to establish that he possessed or conspired to possess any controlled substance. We disagree.

Possession of a controlled substance may be either actual or constructive. *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). It may be in a single individual or in combination with another. *State v. Baxter*, 285 N.C. 735, 737-38, 208 S.E. 2d 696, 698 (1974). To possess a controlled substance the accused must have both the power and intent to control its disposition or use. *Harvey*, 281 N.C. at 12, 187 S.E. 2d at 714; *State v. Allen*, 279 N.C. 406, 412, 183 S.E. 2d 680, 684-85 (1971) (power and intent to control disposition and use while acting in combination with others).

Defendant informed Bowman of the availability and price of heroin. Defendant's remarks to Thompson were indicative of his knowledge of heroin and intent to transfer it to Bowman. Further, Bowman specifically asked Thompson how much defendant wanted for the heroin. Thompson's answer indicates that defendant exercised control over the heroin by setting the price. The evidence thus clearly sufficed to support a finding of defendant's possession.

It similarly sufficed to support a finding of conspiracy. "A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or

by unlawful means." *State v. Bindyke*, 288 N.C. 608, 615, 220 S.E. 2d 521, 526 (1975). The conspiracy itself is the crime and not the act agreed upon. *Id.* at 616, 220 S.E. 2d at 526.

It was not necessary that Bowman observe an actual exchange of money or drugs, or overhear a conversation concerning such, between defendant and Thompson.

> Direct proof of the charge is not essential, for such is rarely obtainable. It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but [which], taken collectively, . . . point unerringly to the existence of a conspiracy.

*State v. Whiteside*, 204 N.C. 710, 712, 169 S.E. 711, 712 (1933). Bowman contacted defendant to arrange the purchase of heroin and defendant informed her as to the price and quantity available. Bowman later obtained the agreed-upon amount of heroin from Thompson after meeting defendant. We find this evidence sufficient to establish a prima facie case of a conspiracy between defendant and Thompson. Once a prima facie case of conspiracy was established, the jury could also consider Thompson's statement that defendant wanted a certain price for the heroin. *State v. Conrad*, 275 N.C. 342, 348, 168 S.E. 2d 39, 43 (1969).

We conclude that there was no error in defendant's trial on the charges of conspiracy to traffick in heroin by possession, conspiracy to traffick in heroin by selling and delivering, and trafficking in heroin by possession. Because the verdict form used the disjunctive, resulting in an ambiguous verdict, there must be a new trial on the charge of trafficking in heroin by sale and delivery. Because the trafficking by possession charge was consolidated for sentencing with the trafficking by sale and delivery charge, the sentence as to the trafficking by possession charge must be vacated and the cause remanded for resentencing.

The result is:

(1) As to conspiracy to traffick in heroin by possession, no error.

(2) As to conspiracy to traffick in heroin by sale and delivery, no error.

(3) As to trafficking in heroin by possession, no error in the trial; sentence vacated and cause remanded for resentencing.

(4) As to trafficking in heroin by sale and delivery, new trial.

Judges WELLS and PHILLIPS concur.