An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-612

Filed 4 June 2025

Rowan County, Nos. 21CRS051631, 21CRS051632

STATE OF NORTH CAROLINA

v.

LEIGH ANN HATLEY

Appeal by defendant from judgment entered 6 November 2023 by Judge Joseph N. Crosswhite in Rowan County Superior Court. Heard in the Court of Appeals 19 March 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Tanisha Folks, for the State.*

> *Law Office of Martin E. Moore, PLLC, by Martin Moore, for the defendant-appellant.*

TYSON, Judge.

Leigh Anne Hatley ("Defendant") appeals from judgment entered upon a jury's verdict finding her guilty of Trafficking Opium/Heroin, Possession with Intent to Sell/Deliver a Schedule 1 controlled substance, and Maintaining a Vehicle/Dwelling Place for Controlled Substances. We discern no error.

## I.    Background

Rowan County Probation Officers Tyler Mabe and Justin Kitt arrived at Defendant's home on 28 April 2021 to retrieve an ankle monitor left at her residence. Defendant invited the officers into her home. Upon entering Defendant's bedroom, Officer Mabe observed what he suspected to be controlled substances present on her bed and nightstand. When questioned, Defendant admitted the substances were heroin and methamphetamine and both substances belonged to her. Officer Mabe took photos of the scene and the substances and documented the probation violation.

The probation officers contacted the Rowan County Sheriff's Department ("RCSD") to conduct a more thorough search of the scene. Detective Christopher Youngo and Master Deputy Miller were dispatched and obtained Defendant's consent to conduct a search of her home. The officers photographed and secured other suspected evidence by properly seizing and logging the evidence to send to the State Crime Laboratory for testing.

Once the evidence test results were received from the State Crime Laboratory and the lab reports were compared with the exhibit log, the State discovered some of the exhibits were not tested, analyzed, nor sent to the State Crime Laboratory. Because of this omission, the State relied upon Detective Youngo's testimony concerning his visual inspection and testimony concerning the placement of the substances at the scene. He also testified to his past experiences with controlled substances, but no definitive lab results were presented to conclude all the substances

were, in fact, controlled substances.

The trial court admitted the lab-tested items, without objection, which had tested positive for methamphetamine, fentanyl, and cocaine hydrochloride. Lab Item 1(b), a gray plastic bag containing a small amount of pink crystalline material corresponding to the State's Exhibit # 17, although untested, was admitted into evidence over Defendant's objection because it was packaged with tested Item 1(a).

Lab Item 6(b), a plastic Ziploc bag containing a residual amount of tan powder, corresponding to the State's Exhibit # 21, although untested, was admitted into evidence over Defendant's objection, again because it had been packaged with tested Item 6(a). Lab Item 9, a plastic Ziploc bag containing one capsule of gray powder and one capsule of tan powder corresponding to the State's Exhibit # 22, although untested, was mistakenly published as evidence, contrary to the court's instruction.

Defendant filed a motion *in limine* to challenge the untested items under N.C. Gen. Stat. §§ 15A-951; 52 (2023), and N.C. R. Evid. 401 and 403. N.C. Gen. Stat.§§ 8C-1, Rules 401;403 (2023). The trial court conducted a hearing on Defendant's motion *in limine,* wherein counsel had objected to the admissibility and reference to the untested parts of Exhibit #s 17, 21, and 22 on 6 November 2023.

Defendant's counsel conceded the admission of these exhibits would not reduce the amounts of controlled substances to affect the trafficking quantity thresholds Defendant was charged with possessing. The trial court ultimately decided to allow the State to offer the officers' "opinion and belief" to explain why analysis was not

conducted on these specific items and also to allow the lab analyst's expert testimony opinion on the substances based upon visual analysis. Both witnesses were subject to cross examination before the jury.

The State introduced testimony of the law enforcement officer to admit the tested and untested lab items into evidence. Defendant's counsel again challenged the admission of the untested items as evidence, and ultimately the court modified its ruling to allow the State's items 1-10; but reserved judgment on admitting Lab Items 11 and beyond.

The State called a State Crime Laboratory analyst to qualify as an expert witness and to confirm she did not perform any testing or come to any conclusions about several of the items, specifically the items offered as Exhibits # 17, # 21, and # 22. The Court did permit the lab analyst to testify to the relationship between the tested and untested parts of Exhibits #17 and #21 and to her visual inspection of the exhibits. The lab analyst confirmed she did not perform any lab testing or form any conclusions based on visual analysis alone of Exhibit # 22. Counsel for Defendant renewed objections to the evidence under Rule 403.

The jury convicted Defendant of Trafficking Opium and Heroin, Possession with Intent to Sell/ Deliver a Schedule 1 Controlled Substance, and of Maintaining a Vehicle/Dwelling Place for Controlled Substances. Defendant was sentenced as a prior record level three, with eight prior record level points, to an active term of 70-93 months' imprisonment and ordered to pay a $50,000 fine. Defendant appeals.

## II.    Jurisdiction

Jurisdiction lies in this court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2023).

## III.    Issues

Defendant argues the trial court erred in admitting Exhibits # 17 and 21 over objections and committed plain error by admitting the testimony of the State Crime Laboratory analyst.

## IV.    Prejudice of Admitting Untested Substances

Defendant argues the State's introduction of untested evidence, that were not the subject of the indictments, violated Rule of Evidence 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat.§ 8C-1, Rule 403 (2023).

### A. Standard of Review

"The admissibility of evidence is governed by a threshold inquiry into its relevance. In order to be relevant, the evidence must have a logical tendency to prove any fact that is of consequence in the case being litigated." *State v. Griffin*, 136 N.C. App. 531, 550, 525 S.E.2d 793, 806 (citation and quotation marks omitted), *appeal dismissed and disc. review denied*, 351 N.C. 644, 543 S.E.2d 877 (2000); *see* N.C. Gen. Stat.§ 8C-1, Rule 401 (2023). "We review a trial court's decision to exclude evidence

under Rule 403 for abuse of discretion." *State v. Whaley*, 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008).

## B. Analysis

### 1. *Exhibits # 17, 21, and 22*

Defendant contends Exhibits # 17, 21, and 22 were proffered and admitted for the purpose of suggesting the untested substances may be controlled substances, when no analysis was performed on parts of these exhibits to support that conclusion. Prior to the lab analyst's testimony, Officer Mabe and Detective Youngo had testified to the existence of the substances, what they understood the substances to be after discussing them with Defendant, and to taking photographs and seizing and logging the substances taken from Defendant's residence.

The State's lab analyst expert witness admitted for at least one piece of evidence in Exhibit # 22, she did not form an opinion on the content of the substance, yet the Court permitted its introduction as evidence. Defendant asserts when a witness expressly states he did not test nor form an opinion on an exhibit subject to chemical analysis, it is clearly prejudicial to introduce the unknown substance. *Robinson v. Trantham*, 195 N.C. App. 687, 673 S.E.2d 771 (2009). She argues by introducing this kind of evidence, especially thought testimony of an expert witness, she was unfairly prejudiced and deserves a new trial. We disagree.

The facts in *Robinson* are distinguishable as they concern a negligence claim brought against the defendant, wherein the plaintiff attempted to admit untested

substances into evidence when the defendant's blood test had already shown the defendant was not under the influence at the time the negligent act, making any inference drugs were present at the scene unfairly prejudicial. *Id.* at 693-94, 673 S.E.2d at 776. In contrast, the State argues Defendant's charges hinge upon illegal drug possession already proven through the lab-tested items, making the admission of other minimal amounts of untested substances not prejudicial to sway the jury's verdict, and asserts the material is relevant in proving the facts of consequence in this case.

### 2. *N.C. Gen. Stat. §§ 8C-1, Rules 401; 403*

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2023). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2023).

The standard to determine whether untested evidence may be used to support a finding of drug possession and distribution is a relatively low threshold. In order to secure a conviction for controlled substance violations, the State need only prove there was a measurable amount of the controlled substance in question. Even a small

amount of contraband may combine with circumstantial evidence to support the finding of intent to distribute required for a conviction of possession with intent to distribute. *State v. James,* 240 N.C. App. 456, 770 S.E.2d 736 (2015).

In *James,* only two recovered pills were chemically analyzed by a forensic chemist. *Id*. at 457, 770 S.E.2d at 737. The two pills were physically consistent with the other pills; were chosen at random from an exhibit; and, they had tested positive for opium. *Id.* The chemist was allowed to testify she had visually inspected the remaining, untested pills and concluded after reviewing the color, shape, and imprint code, they were consistent with those pills testing positive for opium, with the total weight of all pills being 31.79 grams. *Id*. at 459, 770 S.E.2d 738–39. This Court concluded the State had presented sufficient evidence for the jury to conclude defendant had possessed and transported 28 grams or more of a Schedule II controlled substance. *Id*. at 459, 770 S.E.2d at 739.

In the case of *State v. Anderson,* the State offered sufficient evidence to permit the jury to find fourteen packets, obtained from the defendant, contained heroin and the jury found the defendant was guilty of trafficking by selling and delivering in excess of four grams of a mixture containing heroin. *State v. Anderson*, 76 N.C. App. 434, 437, 333 S.E.2d 762, 764 (1985). The evidence tended to show the contents of three of the packets were analyzed by an SBI forensic chemist and were found to contain heroin. *Id.* The chemist testified to visual analysis all of the packets and testified in his opinion the packets all contained similar material, and the total weight

of the 16 packets exceeded six grams. *Id.*

The circumstances of the evidence offered in Defendant's case are analogous to facts presented in *James* and *Anderson.* *Id.* While the evidence in Exhibits # 17, # 21, and # 22 were not subjected to chemical analysis at the state crime lab, their source, chain of custody, and relation to the tested items, together with testimony from law enforcement officers and the expert witness of their appearance as compared to their tested counterparts, are sufficient to conclude their admission.

Even if erroneous, the admission was not prejudicial to award a new trial. Defendant has failed to prove there is a reasonable possibility of a different verdict if this testimony and these exhibits had not been admitted into evidence. *See State v. Jacobs*, 363 N.C. 815, 825, 689 S.E.2d 859, 865-66 (2010). The admission of two items containing insignificant amounts of untested material, along with a significant quantity of tested controlled substances found among the analyzed lab items to meet the statutory threshold is not shown to have unfairly prejudiced Defendant. *See State v. De La Sancha Cobos*, 211 N.C. App. 536, 543, 711 S.E.2d 464, 469 (2011) (defendant failed to establish prejudice in the admission of an untested small bag of white powder found on his person where "[a]nother bag of cocaine that was found in [his] vehicle, weighing eighty-three grams, was properly admitted into evidence").

Defendant has failed to show prejudicial error in the admission of this evidence. Defendant's argument is overruled.

## V.    Expert Witness Testimony of Untested Substances

Defendant argues the State Crime Laboratory analyst expert witnesses' opinion testimony was not admissible under Rule 702 because the testimony was not based on sufficient facts or data, and the State failed to establish she had applied principles and methods reliably to the facts of the case.

## A. Standard of Review

"[T]he trial judge is afforded wide latitude of discretion when making a determination about the admissibility of expert testimony." *State v. Bullard*, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984). "The trial court's decision regarding what expert testimony to admit will be reversed only for an abuse of discretion." *State v. Alderson*, 173 N.C. App. 344, 350, 618 S.E.2d 844, 848 (2005).

"In criminal cases, an issue . . . not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

The Supreme Court of North Carolina "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

Plain error arises when the error is "'so basic, so prejudicial, so lacking in its

elements that justice cannot have been done[.]'" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

## B. Analysis

Defendant argues the trial court committed plain error and violated Rule of Evidence 702 by admitting the State Crime Lab analyst's expert witness opinion testimony not based on sufficient facts or data, and the State failed to establish she had applied principles and methods reliably to the facts. N.C. Gen. Stat. § 8C-1, Rule 702 (2023). The State's lab analyst expert witness admitted she did not form an opinion on the content of the substance concerning at least one piece of evidence, Exhibit # 22, yet the Court permitted its introduction.

By admitting this substance through an expert, who had stated she did not form an opinion, Defendant argues the jury was left to presume the expert had some experience, knowledge, or skill, beyond a layperson, which allowed the untested evidence to be admitted along with the tested evidence. Defendant contends without an analysis performed or opinion being formed, the expert witness' testimony unfairly prejudiced her and encouraged the jury to conclude the evidence would not have been admitted for their consideration, unless it was probative of guilt.

Our rules of evidence provide: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if all of the following apply:" (1) testimony is based on "sufficient facts or data," (2) testimony is "the product of reliable principles and methods," and (3) "[t]he witness applied the principles and methods reliably to the facts of the case." N.C. Gen. Stat. § 8C-1, 702 (a) (2023).

To determine whether the expert's testimony is based on sufficient facts or data, "the court has discretion to consider any of the particular factors articulated in previous cases, or other factors it may identify, that are reasonable measures of whether the expert's testimony is based on sufficient facts or data, whether the testimony is the product of reliable principles and methods, and whether the expert has reliably applied those principles and methods in that case." *State v. McGrady*, 368 N.C. 880, 892, 787 S.E.2d 1, 10 (2016). To determine whether expert witness testimony will appreciably help the jury, the trial court must balance the probative value of the testimony against its potential for prejudice, confusion, or delay. *State v. Owen*, 133 N.C. App. 543, 516 S.E.2d 159 (1999); N.C. Gen. Stat. §§ 8C-1, Rule 401; 403 (2023).

Defendant argues the first and third prong of the test for evaluating whether an expert witness is allowed to testify to a particular conclusion are not met in this

case. If the expert witness did not test the substance and did not form an opinion, Defendant argues the record reflects no valid basis for her commentary on the substances or any basis for the admission of the prejudicial "non-opinion" evidence masquerading as expert testimony. *Id.*

While experts may not testify to a "particular legal conclusion or that a legal standard has or has not been met," *State v. Walker*, 385 N.C. 763, 768, 898 S.E.2d 661, 664 (2024) (citing *State v Fisher*, 336 N.C. 684, 703-04, 445 S.E.2d 866, 877 (1994)), the expert did not draw a conclusion on the untested exhibits as she was testifying to the chemical analysis of the tested exhibits. The only reference the expert witness made to the untested substance was a comment on the color of the powder, while focusing the majority of her testimony on the tested parts of Exhibits # 17-21. Considering the laboratory chemical testing, the admission of the other controlled substance exhibits, and the lack of firm opinion on the untested exhibits, no reasonable probability is shown to conclude admitting of the witness's testimony unfairly prejudiced Defendant to constitute plain error to award a new trial.

Without a demonstration "absent the error, the jury probably would have reached a different result," *Jordan*, 333 N.C. at 440, 426 S.E.2d at 697, Defendant has failed to establish plain error in this case. Defendant's argument is overruled.

## VI. Conclusion

Defendant received a fair trial free from prejudicial errors she preserved and argued on appeal and no plain error in the presumably improperly admitted evidence.

Defendant demonstrates no reversible, prejudicial, or plain error in the trial court's admission of evidence, the jury's verdicts, or in the judgments entered thereon. *It is so ordered.*

NO ERROR.

Judges STADING and FREEMAN concur.

Report per Rule 30(e).